PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CELEDONIO ALBINO, Defendant and Appellant.

No. 3445.  Argued May 11, 1928.—Decided May 24, 1928.

*A. L. López* for the appellant.  *José E. Figueras* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In this case the original complaint was presented in the Municipal Court of Caguas on July 24, 1926, charging that the acts imputed to Celedonio Albino were committed on July 24, 1926, at 3 a. m.  The municipal court convicted the defendant of aggravated assault and battery and the defendant

appealed to the District Court of Humacao where the case was tried *de novo.*

At the trial and after the second witness had testified that the acts charged had been committed early in the morning of Saturday, January 23, the district attorney asked the court for permission to amend the complaint and make it harmonize with the evidence as to the dates. The court granted the permission to amend so that the date should appear as January 24, 1926, instead of July 24, 1926. Counsel for the defendant excepted to the ruling. The trial proceeded and on November 4, 1926, the day of the trial, the court rendered judgment convicting the defendant of aggravated assault and battery and sentencing him to three months in jail and costs.

Now the appellant sets up as a ground for his appeal that the District Court of Humacao erred in allowing the prosecution to amend the complaint by changing the date of the commission of the offense.

In the matter of amendments jurisprudence has established a serious difference between substantial amendments and those of form, and between those that may affect the essential and constitutional rights of the defendant and those which have not that scope.

Generally an amendment as regards the date of the commission of the offense has been considered as one of form, that is, as not of substance affecting the form, unless the result would be to charge a different offense from that originally charged, or that the acts committed on the original date did not constitute an offense, but did on the amended date. See 31 C. J., 831-832. In some cases the contrary has been held, that is, that the amendment as to the date is one of substance and can not be made. *Mealer* v. *State,* 66 Tex. Cr. 140. In *State* v. *Unsworth,* 84 N. J. L. R. 22, it was held that a date which does not affect prescription under a statute providing that a complaint is not insufficient because it states imperfectly the date of the commission of the offense can be amended.

We find in our Code of Criminal Procedure no express provision referring to amendments to complaints, but there are indications in sections 158 and 461 of the Code of Criminal Procedure. See *People* v. *Torres,* 34 P.R.R. 290.

It is well to determine whether the amendment of the date of the commission of the offense in the instant case could affect the essential rights of the defendant. We hold that it can not.

The act charged in this prosecution constituted an offense and the same offense penalized in the same manner on January 24, 1926, as on July 24, 1926. The law was the same on both dates. The court which tried the case was the same. There is no difference for The People or for the defendant as the result of a change of the date in the manner in which it was done.

In *People* v. *Ramos,* 28 P.R.R. 749, this court held as follows:

"The appellant also assigns error because of the action of the court in permitting the *fiscal* to amend the information at the trial. This was an indictment presented by the grand jury and while we are inclined to. believe that the district attorney, under proper conditions, may amend at the trial, yet we find it unnecessary to decide the question, because the appellant has presented no satisfactory argument on the subject and the *fiscal* of this court was prevented by illness from filing a brief."

And further on in the same case:

"Section 78 of the Code of Criminal Procedure sets forth that the precise time at which the offense was committed need not be stated in the information, but it may be alleged to have been committed at any time before the finding or filing thereof, except where the time is a material ingredient in the offense; and also in section 82 it is held that an information is sufficient if it can be understood therefrom that the offense was committed at some time prior to the filing of the information. The spirit that underlies these two sections also tends to show that the defendant was not prejudiced by the inaccuracy in the information."

Considering the spirit of the cited sections of the Code of Criminal Procedure, there is no doubt that the matter of the date in similar cases is not one of substance and does not affect any essential right of the defendant.

But the appellant alleges that he has been prejudiced in his rights because he was prevented from moving for the dismissal of the prosecution under subdivisions 1 and 2 of section 448 of the Code of Criminal Procedure. That allegation is erroneous.

Section 448 cited embraces two cases of dismissal. The first, when a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter. The second, if a defendant is not brought to trial within one hundred and twenty days after the filing of the information.

Under the first of these provisions the time is counted not from the date of the commission of the act charged, but from the date of the arrest of the defendant. At the expiration of the sixty days the person under arrest, who knows well the date of his arrest, may move for dismissal. This depends on him, but not on the date given in the complaint as that on which the acts were committed.

As to subdivision 2 of section 448, this court has held that the one hundred and twenty days prescribed in the case of an appeal from a judgment of a municipal court should be counted from the date of the filing of the transcript in the district court, which is equivalent to the presentation of the complaint. See *People* v. *Bocanegra,* 27 P.R.R. 810, where this court said that the period of 120 days is counted from the presentation of the complaint. See also the case of *People* v. *Padilla,* 36 P.R.R. 398.

The appellant alleges that under section 3 of the Code of Criminal Procedure the original complaint was what should govern the case and the prosecuting attorney could not amend it. The second subdivision of that section says nothing that would lead us to annul the law of procedure

as the consequence of an extreme technicality. The subdivision reads as follows:

"  .  .  .  . All cases that are triable before the justices of the peace, or before the municipal courts, when appealed to the district court, shall be tried on the original complaint and warrant, and the trial in the district court shall be de novo." ·

The statute here transcribed forbids a district court in a trial *de novo* to convict and sentence a defendant for an offense distinct from that originally charged. That is the spirit of the law and not as the appellant alleges, apart from the fact, as said in this opinion, that the amendment was not one of substance and no right of the defendant was prejudiced thereby.

For the foregoing reasons the judgment appealed from must be affirmed.